IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RICHARD W. RATHKE, #315760, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:18-CV-923-MHT |
| | ) |
| NURSE DYER, et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Richard Rathke, an indigent state inmate. In the instant complaint, Rathke alleges that the defendants acted with deliberate indifference to his medical needs during his incarceration at the Russell County Jail in 2018. Doc. 1 at 3.

Pursuant to the orders of this court, the defendants filed a special report supported by relevant evidentiary materials, including affidavits and medical records, in which they address Rathke's claim for relief. The reports and evidentiary materials dispute the self-serving, conclusory allegations presented by Rathke. Specifically, the defendants assert that they did not violate Rathke's constitutional rights.

In light of the foregoing, the court issued an order directing Rathke to file a response to the defendants' written report. Doc. 14. The order advised Rathke that his failure to respond to the reports would be treated by the court "as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action." Doc. 14 at 2. Additionally,

the order "specifically cautioned [the plaintiff] that [his failure] to file a response in compliance with the directives of this order" would result in the dismissal of this civil action. Doc. 14 at 2.  The time allotted to Rathke for filing a response in compliance with the directives of this order expired on February 25, 2019.  As of the present date, Rathke has failed to file a response in opposition to the defendant's written report.  The court therefore concludes that this case should be dismissed.

The court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate.  After this review, the court concludes that dismissal of this case is the proper course of action.  In sum, Rathke is an indigent individual currently incarcerated in the Alabama prison system, so the imposition of monetary or other punitive sanctions against him would be ineffectual.  Additionally, Rathke's inaction in the face of the defendants' report and evidence suggests lost interest in the continued prosecution of this case.  Finally, the evidentiary materials submitted by the defendants, which are at this point undisputed by the plaintiff, indicate that no violation of the Constitution occurred.  It therefore appears that any additional effort by this court to secure Rathke's compliance would be unavailing and a waste of this court's scarce judicial resources.  Consequently, the court concludes that Rathke's abandonment of his claims and his failure to comply with an order of this court warrant dismissal. *See Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (holding that, generally, where a litigant has been forewarned dismissal for failure to obey a court order is not an abuse of discretion).  The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by

Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that a "district court possesses the inherent power to police its docket"). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Mingo*, 863 F.2d at 102.

For these reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice.

On or before **June 6, 2019,** the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE on the 23rd day of May, 2019.

/s/ Gray M. Borden
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE