# IN THE DISTRICT COURT OF THE UNITED STATES FOR THE MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| RICHARD W. RATHKE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | 2:18cv923-MHT |
| ) | (WO) |
| TERESA DYER, Nurse, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## OPINION

Pursuant to 42 U.S.C. § 1983, plaintiff, an inmate in a county jail, filed this lawsuit complaining that, after being prescribed a daily medication for a serious illness, the jail staff repeatedly failed to give him the prescribed medication for days at a time, explaining that they could not find it, and that he experienced a period of around 90 days without his medication. Defendants filed a special report that shows that they provided plaintiff with doctor's appointments and that the doctor prescribed him

medication, but offers no proof that the jailers actually provided him the prescribed medication, and fails to respond to the plaintiff's claim of inconsistent provision of medication. However, those issues are of no moment, because plaintiff failed to respond to the special report and appears to have abandoned this case.

This lawsuit is now before the court on the recommendation of the United States Magistrate Judge that plaintiff's case be dismissed without prejudice for abandonment and failure to prosecute this action. There are no objections to the recommendation. After an independent and de novo review of the record, the court concludes that the magistrate judge's recommendation should be adopted.*

---

* The court pauses to note that it disagrees with the recommendation's characterization of the plaintiff's allegations as "self-serving." Recommendation (doc. no. 17) at 1. In the court's view, the pro se plaintiff here, who based on his writing appears poorly educated, simply stated his claim as best as he could. But beyond that, most

2

An appropriate judgment will be entered.

DONE, this the 2nd day of July, 2019.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE

---

litigants' claims are self-serving, at least to some extent. *See United States v. Stein*, 881 F.3d 853, 857 (11th Cir. 2018) (*en banc*) ("Indeed, as the Seventh Circuit observed, 'most affidavits submitted [in response to a summary judgment motion] are self-serving.'"). And, even if the plaintiff's claims were self-serving, the self-serving nature of a statement is relevant only at trial, not on summary judgment or a motion to dismiss. *See Stein*, 881 F.3d at 857-58; *id.* at 858 ("Properly understood, *Gibson* [*v. United States*, 360 F.2d 457 (5th Cir. 1966),] stands only for the unremarkable proposition that a fact-finder can choose to disregard a litigant's self-serving (and unsupported) trial testimony, and that its decision to do so generally will not constitute clear error. That proposition has no place at summary judgment, where 'the [court's] function is not ... to weigh the evidence.'").